IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BALDWIN, et al., ) | |
| ) | No. 23 C 20 |
| Plaintiffs, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| DEPUY ORTHOPAEDICS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs allege that they were injured by a defective hip replacement device, the Pinnacle, that defendants designed, manufactured, and sold. The case is before the Court on defendants' motion for a protective order prohibiting plaintiffs from deposing defendants' detail representatives. For the reasons set forth below, the Court grants the motion [89].

### Discussion

Federal Rule of Civil Procedure 26 states that the Court, "[o]n motion or on its own, . . . must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *see id.* (b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Defendants claim that the detail representatives do not have information relevant to this suit, and even if they did, it would be duplicative of information defendants have already produced in discovery.

Plaintiff contends that the detail representatives have relevant information because they "had direct contact and communications regarding the device components at issue with [plaintiff's] surgeons" and at least one of them was in attendance at each of plaintiff's surgeries. (ECF 92 at 2, 5.) The first contention is refuted by Dr. Stover, plaintiff's implant surgeon. He testified that he did not make clinical decisions for patients based on marketing material from device manufacturers, and he could not recall any specific information about the Pinnacle device that he reviewed and relied on in deciding to use the device for plaintiff. (ECF 89-5 at 9.) Moreover, even if Dr. Stover had relied on information from detail representatives in choosing the Pinnacle

device for plaintiff, that information would have come from defendants, who have already produced voluminous documents and witnesses for depositions.

Further, the simple fact that defendants' detail representatives were present for plaintiff's surgeries does not make their testimony relevant; there must be a nexus to plaintiffs' claims. Plaintiffs attempt to demonstrate that nexus through the testimony of other surgeons in other cases filed against defendants for injuries allegedly caused by the Pinnacle device. (*See* ECF 92 at 8-11.) Plaintiffs contend, for example, that any detail representative present at plaintiff's explant surgery would have heard the surgeon explain why the implant failed and what damage it did, information that defendants should have reported to the FDA. (ECF 92 at 8-9.) But plaintiffs cite to the testimony of another explant surgeon, Dr. Bruce Miller, for this assertion. And, though both of plaintiff's surgeons were deposed, plaintiffs do not identify any testimony from either doctor that suggests the detail representatives who attended plaintiff's surgeries have knowledge about plaintiffs' claims. Accordingly, the Court grants defendants' motion for a protective order precluding depositions of its detail representatives [89].

**SO ORDERED.**  ENTERED: March 30, 2023

**M. David Weisman**
**United States Magistrate Judge**

2